UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | |
| v. | | No. 20 CR 631 01 |
| ELIAS QUINONES-FIGUEROA, | | Judge Virginia Kendall |
| Defendant. | | |

**REQUEST UNDER THE CRIMINAL JUSTICE ACT FOR AUTHORIZATION TO EMPLOY CO-COUNSEL TO ASSIST IN RESOLUTION OF THIS CASE**

Now comes attorney John L. Sullivan, who is appointed under the Criminal Justice Act to represent Defendant Elias Quinones-Figueroa, and asks that this Court authorize him to employ the services of an additional counsel to assist in completing his representation of the Defendant and bring this case to a timely conclusion.

In support of his Motion, Counsel states as follows:

1. Counsel John L Sullivan was appointed to represent Defendant Elias Quinones-Figueroa since his arrest in this case in May 2020. Defendant Quinones-Figueroa has been held in custody and is currently housed by the US Marshal in the Winnebago County Jail in Rockford, Illinois.

2. During his representation, Counsel has made multiple trips to the Winnebago County Jail to review the evidence, talk with the Defendant and review Defendant's options in this case. Although it has taken some time, Counsel believes he has developed a good relationship with Defendant and Counsel and Defendant are in the process of discussing proposed plea agreements, as tendered by the Government, proposed modifications to those agreements and/or in the alternative a plea declaration to resolve this case. Several of those options are awaiting a detailed response from the Government. An in-person guilty plea is currently set before this Court for January 12,

2022.

3. All those plans have been thrown into disarray by Counsel's recent hospitalization – 11 days in the month of November. Counsel has additional meetings with doctors lined up for the next few weeks to find out if additional surgery is forthcoming.

4. Counsel is currently home with home-health care provided by his son and is improving. However, Counsel still lacks stamina and cannot attend long meetings (even on Zoom or iWeb) or travel to sites, such as the Winnebago County Jail, to discuss developments in this case with the client. However, Counsel believes that with some legal assistance from an additional lawyer, the work on a plea agreement/plea declaration/negotiations can be completed in a reasonably timely manner, maybe not by January 12, 2022 but within 30 days thereafter. Counsel believes that Defendant is anxious at the current time to move forward with the plea process and bring this case to a resolution. Counsel believes it would be counter-productive and result in considerable longer delay in the progress in this case, and more expensive for Counsel to withdraw from representing Defendant at this point and have a new lawyer appointed who would essentially start-over. Instead, Counsel suggests the following:

a. Counsel has worked well in the past with Federal Defender Panel Attorney Joshua Adams who learned of Counsel's health problems and offered to help. Attorney Adams is neither a partner nor associate of attorney Sullivan in the practice of law but an independent sole practitioner and member of the Federal Defender Panel in Chicago.

b. Counsel proposes that Defendant Elias Quinones-Figueroa be informed and consent to the described arrangement;

c. Attorney Sullivan will continue as primary attorney for Defendant, using

the services of attorney Adams to assist in delivering and discussing drafts of agreements/delarations with the Defendant, obtaining Defendant's signature on any pleadings, attend PSR intake interviews and even if necessary stand-in for attorney Sullivan for any in-person sentencing that may occur before attorney Sullivan is well enough to appear in Court.

  d. Such arrangements for assisting counsel is within the CJA Guidelines §230.53.10(b). If this Court were to provide prior authorization by Order for attorney Adams to assist attorney Sullivan, it would be the intention of attorney Sullivan to provide attorney Adams with the written plea agreements, related government correspondence, drafts of alternatives including possible plea declarations and have attorney Adams deliver, discuss, return for editing and then back to the Defendant for signature, any plea related documents. As attorney Sullivan reads the Guideline, attorney Adams would not be separately appointed under the CJA but this Court would authorize his assisting attorney Sullivan and attorney Adams' time and work would be accounted for and appear on attorney Sullivan's eVoucher for the case. Attorney Adams' time reviewing any possible plea documents, then reviewing them with the Defendant (including meeting time) would be billed pursuant to §230.53.10(b) on Attorney Sullivan eVoucher, properly identifying attorney Adams as the service provider. Attorney Sullivan would not bill any time for assisting attorney Adams in becoming familiar with the case, pleadings and plea documents. And whenever else possible, Attorney Sullivan would forego billing for his time in favor of billing for attorney Adams time, so as not to duplicate billing for services provided.

  e. Working together, attorney Sullivan believes that this case, although slowed to some extent, will not have to be started over from the beginning with new counsel and the services billed to CJA, will not be substantially greater than if attorney

Sullivan had been able to continue alone without assistance.

   f. Attorney Sullivan does intent to return to his cases, although it will be a while before he tries any cases, and hopes his return to Court is only a couple months away, perhaps before any full resolution of this case.  However, this case is languishing at this moment and Defendant is personally anxious to see progress toward a resolution and there is no good reason to delay getting attorney Sullivan some assistance so he can complete his representation of Defendant.

   5. On December 13, 2021, Attorney Sullivan spoke by telephone with Defendant Elias Quinones-Figueroa.  Attorney Sullivan explained his current health situation and discussed the proposal that another attorney assist attorney Sullivan so as to continue the progress on Defendant's case and bring this case to an expeditious conclusion.  Defendant agreed to the plan and looks forward to hearing from attorney Adams.

   For the foregoing reasons, Attorney Sullivan asks this Court to authorize Federal Defender Panel Attorney Joshua Adams to assist appointed counsel John Sullivan in the completion of his obligations as attorney for Defendant Elias Quinones-Figueroa.

         Respectfully submitted,

         *John L. Sullivan*

         John L. Sullivan
         Counsel for Defendant Quinones-Figueroa

Date: 13 December 2021

John L. Sullivan
Appointed Counsel for Defendant Quinones-Figueroa
1420 Lehigh Ave #B1
Glenview, IL 60026
sullivanljohn@yahoo.com
312-406-5566

CERTIFICATE OF SERVICE

The undersigned does hereby certify that, at the approximate time of electronic filing, service of this

**REQUEST UNDER THE CRIMINAL JUSTICE ACT FOR AUTHORIZATION TO EMPLOY CO-COUNSEL TO ASSIST IN RESOLUTION OF THIS CASE**

was accomplished upon attorneys for all opposing parties pursuant to ECF as to all Filing Users and complied with Local Rule L.R. 5.5 as to any party who is not a Filing User or represented by a Filing User.

*John L. Sullivan*

John L. Sullivan
Appointed Counsel for Defendant Quinones-Figueroa
1420 Lehigh Ave #B1
Glenview, IL 60026
sullivanljohn@yahoo.com
312-406-5566